Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

JAMES K. TAM                  1485-0
E mail:    jkt@ahfi.com
SHELLIE K. PARK-HOAPILI   7885-0
E mail:    sph@ahfi.com
18th Floor, ASB Tower
1001 Bishop Street
Honolulu, Hawaiʻi  96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591

Attorneys for Plaintiffs
TRUSTEES OF THE PAMCAH-UA
LOCAL 675 TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRUSTEES OF THE PAMCAH-UA LOCAL 675 TRUST FUNDS (Herbert S.K. Kaopua, Sr., Robert M. Fernandez, Lovell K. Ka'opua, Sr., Patrick K. Kanekoa, Kent A. Matsuzaki, and Mark K. Suzuki), by and through their Administrator, FRANCIS CHUN,<br><br>      Plaintiffs,<br><br>  vs.<br><br>PRECISION PLUMBING, INC.,<br><br>      Defendant. | CIVIL NO. CV08-00180 DAE KSC<br><br>**FINDINGS AND RECOMMENDATION GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT PRECISION PLUMBING, INC., FILED JULY 8, 2008; CERTIFICATE OF SERVICE**<br><br>**Hearing:**<br>Date:    September 2, 2008<br>Time:    9:30 a.m.<br>Judge:   Hon. Kevin S. C. Chang |

687400-1/6251-64

**FINDINGS AND RECOMMENDATION GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT PRECISION PLUMBING, INC., FILED JULY 8, 2008**

Pursuant to this Court's express ruling on September 2, 2008, Plaintiffs Trustees of the PAMCAH-UA Local 675 Trust Funds ("Plaintiffs" or "Trust Funds"), by and through their attorneys, Alston Hunt Floyd & Ing, hereby submit the following proposed findings and recommendation on *Plaintiffs' Motion for Default Judgment Against Defendant Precision Plumbing, Inc.*, filed July 8, 2008 ("the Motion"). Shellie K. Park-Hoapili appeared at the hearing on behalf of Plaintiffs. No other party appeared or was otherwise represented by counsel.

Having reviewed the Motion and considering the documents and evidence in support thereof, the representations of counsel, and the files and records herein, and for good cause therefor, the Court finds and concludes as follows:

1. The Trust Funds are express trusts created by a written trust agreement subject and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. §§ 1002 and 1003), are multiple employee benefit plans organized and existing under the laws of the United States, and have their principal place of business in the City and County of Honolulu, State of Hawai`i. The Trust Funds provide fringe benefits (which include the Pension, Health and Welfare, Vacation and Holiday, Training,

Annuity and Cooperation Trust Funds) to Defendant Precision Plumbing, Inc.

    2.    Defendant Precision Plumbing, Inc. ("Precision") is a domestic profit corporation with its principal place of business in the State of Hawai`i.

    3.    The Trust Funds receive, manage and administer employee benefits for plumber and mechanical employees of Precision, which benefits are derived from money contributions paid by Precision in consideration of and for labor, materials and other services furnished by those plumbers and mechanical employers under certain collective bargaining agreements and trust agreements appurtenant thereto ("Agreements") between Precision and Local 675 of the United Association of Journeymen and Apprentice Plumbers and Pipefitters of the United States and Canada ("Union").

    4.    Precision entered into the Agreements with the Union covering all plumbers, mechanical contractors, and other workers described in the Agreements (hereinafter, collectively, "plumber and mechanical contractor" or "plumbers and mechanical contractors") employed by Precision in the State of Hawai`i, and

agreed to be subject to and bound by all terms and conditions of the various trust agreements.

5. Pursuant to the Agreements, Precision promised to contribute and pay to the Trust Funds certain amounts for employee benefits for work performed by Precision's covered employees, which amounts would be paid to the Trust Funds on or before the due dates specified in the Agreements.

6. Pursuant to the Agreements, Precision also promised to submit timely reports to the Trust Funds regarding hours worked by Precision's covered employees, which reports would be submitted to the Trust Funds on or before the due dates specified in the Agreement, to permit audits of its payroll records to allow the Trust Funds to ascertain whether all contributions due and owing have been paid, and to post a surety bond or cash-in-escrow to secure payment or contributions if required by the Trust Funds.

7. Specifically, under the Agreements, Precision must report to the Trust Funds on the 25th day of each month the hours worked by each plumber and mechanical contractor employee during the previous month.

8. Furthermore, under the Agreements, Precision must contribute to the Trust Funds on the 25th day of each month sums

of money to be held in trust by Plaintiffs as employee benefits for Precision's plumber and mechanical contractor employee(s). These contributions are calculated by multiplying the hours worked the previous month by Precision's plumber and mechanical contractor employee(s) by the applicable contribution rates specified in the Agreements.

9.   Under the Agreements, Precision promised that if any monthly contributions were past due, Precision would pay to each respective trust fund liquidated damages calculated at ten percent (10%) of the contribution due to each respective fund, for the period beginning on the first date of the delinquency and ending on the 25th day of the month following the date the contributions become delinquent, and thereafter calculated at ten percent (10%) of the delinquent amount or $20.00, whichever is greater, for each and every month that such contribution is delinquent.

10.   Under the Agreements, Precision moreover promised to provide the Trust Funds with any documentation and information required by the Trust Funds to verify whether or not Precision was reporting the correct hours worked each month and whether or not Precision was paying the correct contribution sums to the Trust Funds.

11. Also under the Agreements, Precision further promised that if the Trust Funds brought legal action to enforce the Agreements against it, Precision would pay all of the Trust Funds' court and audit costs, audit fees, and reasonable attorneys' fees of 25% of the total amount of contributions and damages due.

12. Under the Agreements, the Plaintiff Trustees are authorized and empowered to have authorized representatives of the Trust Funds' Administrative Office examine and audit Precision's payroll books and records to permit the Trust Funds to determine whether Precision is making full payment as required under the Agreements.

13. Precision breached the Agreements and is liable to the Trust Funds by its continuous failure to perform under the terms of the Agreements, including (a) failing to submit its reports to the Trust Funds, (b) failing to permit an audit of its payroll books and records, (c) failing to timely pay the Trust Funds the employee benefit trust fund contributions owed by Precision for work performed by its plumber and mechanical contractor employees during the periods of November through December 2007 and February through June 2008; and (d) failing to

timely pay the Trust Funds liquidated damages owed for the unpaid contributions. Despite proper demand, Precision continues to fail, neglect and refuse to comply with its obligations under the Agreements.

       14. On April 22, 2008, Plaintiffs filed a *Complaint for Specific Performance, Assumpsit and Damages* ("Complaint") against Precision to enforce the terms of the Agreement, alleging that Precision materially breached the terms of and its obligations under the Agreements by, among other things, failing to timely submit all monthly employee benefit contribution reports as required under the Agreements, failing to timely submit payments due on the reports, failing to pay any and all liquidated damages incurred upon Precision's untimely submission of contribution payments, and failing to produce payroll records for an audit, despite numerous demands by Plaintiffs. Precision was served through Robin Makanani, its bookkeeper and servicing agent, on May 8, 2008. Precision never responded, defended or answered the Complaint and the Clerk of this Court entered its default on May 29, 2008.

       15. Precision is not an infant or an incapacitated person and has not sought to set aside its default in this action.

16. Precision failed to pay the Trust Funds contributions in the amount of $21,758.96, plus liquidated damages in the amount of $2,151.66, for a total of $23,910.62, for the periods of November through December 2007 and February through June 2008.

17. The Trust Funds have incurred attorneys' fees in the amount of $4,256.55, and costs in the amount of $658.32, for a total of $4,914.87, from April 16, 2008 up to and including September 3, 2008.  In addition, Plaintiffs expect to incur additional legal fees in the amount of $235.60 through entry of default judgment.

18. The Trust Funds are not barred or precluded from later seeking all amounts owed for contributions, liquidated damages and interest which may subsequently be discovered through audits or otherwise.

19. This Court has jurisdiction over this action based on 29 U.S.C. § 185(a) of the Labor-Management Relations Act of 1947, as amended, and 29 U.S.C. §§ 1132 and 1145 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended.

20. By virtue of said Agreement(s) and 29 U.S.C. § 1132(g), the Trust Funds are entitled to liquidated damages equivalent to interest at the rate prescribed in said Agreement(s) of ten percent (10%) per annum, or under 26 U.S.C. §

6621, whichever is greater, on any unpaid contributions, such amount to be in lieu of the above-mentioned liquidated damages, if such amount is greater than the above-mentioned liquidated damages.

21.   By virtue of 29 U.S.C. § 1132(g), the Trust Funds are entitled to interest at the rate prescribed under said Agreement(s) of ten percent (10%) per annum, or under 26 U.S.C. § 6621, whichever is greater, on any unpaid contributions.

22.   The Trust Funds' attorneys' fees and costs are also mandated under the Agreements and 29 U.S.C. § 1132(g)(2)(D).

### RECOMMENDATION

IT IS HEREBY RECOMMENDED that the Motion be granted and that Default Judgment be entered in favor of Plaintiffs and against Precision as follows:

A.   Plaintiffs are awarded delinquent contributions in the amount of $21,758.96, liquidated damages in the amount of $2,151.66, reasonable attorneys' fees in the amount of $1,137.17, and costs in the amount of $650.68, for a total judgment amount of $25,698.47; and

B.   Plaintiffs are permitted to audit Precision's payroll books and records pursuant to the terms of the Agreement.

The judgment shall be entered as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure as there is no just reason for delay.

DATED:  Honolulu, Hawai`i, September 30, 2008.



_____
Kevin S.C. Chang
United States Magistrate Judge

_____

*Trustees of the PAMCAH-UA Local 675 Trust Funds v. Precision Plumbing, Inc.*; Civil No. CV08-00180 DAE KSC; United States District Court for the District Of Hawai`i; **FINDINGS AND RECOMMENDATION GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT PRECISION PLUMBING, INC., FILED JULY 8, 2008**

687400-1/6251-64                          10